IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY BECKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:16-cv-00054-WHA |
| | ) | (WO) |
| MCDONALD'S USA, LLC; EMERALD | ) | |
| MANAGEMENT CORPORATION d/b/a | ) | |
| MCDONALD'S, a corporation; Fictitious | ) | |
| Defendants A-Z, as more set forth herein | ) | |
| whose names are discovered; | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

## I.  INTRODUCTION

This cause is before the court on Defendant McDonald's USA, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint, or Alternatively, Motion for a More Definite Statement. (Doc. # 40). Plaintiff, Betty Beckley ("Beckley"), filed a Second Amended Complaint ("Complaint") in this case on October 14, 2016.[1] In her Complaint, Beckley alleges that Defendants Emerald Management Corporation ("Emerald") and McDonald's USA, LLC refused to hire her because of her race and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), (Counts 1 and 2, respectively). (Doc. # 30). Beckley also asserts three (3) state law claims, including "Negligent Hiring Training & Supervision" (Count 3), the "Tort of Outrage" (Count 4), and "Fraud,

---

[1] Plaintiff originally filed this action on January 26, 2016. (Doc. # 1). Since filing her original Complaint, Plaintiff has filed an Amended Complaint, (Doc. # 4), adding an additional Defendant, Emerald Management Corporation d/b/a McDonald's a corporation and Fictitious Defendants A-Z, whose identities will be identified as their full names are discovered, and a Second Amended Complaint, (Doc. # 30), correctly identifying Defendant, McDonald's USA, LLC.

Misrepresentation and Deceit" (Count 5). *See id.* For reasons to be discussed, McDonald's USA, LLC's Motions to Dismiss and for More Definite Statement are due to be granted.

## II.   LEGAL STANDARDS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

Pursuant to Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."

## III.   FACTS

The allegations of the Beckley's Complaint are as follows:

Beckley is a seventy (70) year-old Caucasian female who sought employment from a

2

McDonald's[2] in Montgomery, Alabama. Before applying, Beckley allegedly spoke with Nicole Daniel, the owner of the McDonald's store, about the prospect of working there. Ms. Daniel allegedly told Beckley that she would be happy to help her get a job.

On March 19, 2015, Beckley visited the McDonald's store and met with the manager, Clarissa, an African American woman.[3] Clarissa told Beckley that they were hiring and stated that she "need[ed] a pleasant and friendly face on the front." (Doc. # 30, p. 3, ¶ 8). She told Beckley to "[c]ome back around 4:30 p.m. tomorrow and you can complete an application." *Id.*

Beckley returned the following afternoon, as instructed, and completed an application for employment. Clarissa informed Beckley that she would call her sometime during the next week to set up a time for new employee orientation.

Nine days later, after having not received a phone call from Clarissa, Beckley returned to the McDonald's store and asked to speak to Clarissa. Clarissa allegedly told Beckley, "I do not believe that you could move fast enough nor work the front order computer." (Doc. # 30, p. 4–5, ¶ 11). Beckley claims that Clarissa was suggesting that Beckley "was simply too old for the position." *Id.* However, after Beckley asked Clarissa for a chance to prove herself, Clarissa apparently had a change of heart and, again, offered Beckley the job. Clarissa told Beckley to come back in two weeks to begin new employee orientation.

On April 26, 2015, Beckley returned to the McDonald's store for new employee

---

[2] Plaintiff's Complaint refers to Defendants, Emerald and McDonald's USA, LLC, collectively, as "McDonald's." (Doc. # 30, p. 2, ¶ 5). Where this opinion references "McDonald's"—and not "McDonald's USA, LLC"—the court is doing so out of deference to the Plaintiff's factual allegations. Later, however, the court will differentiate between Defendants Emerald and McDonald's USA, LLC for purposes of discussing employer liability.

[3] Plaintiff does not provide Clarissa's full name, so the court will only refer to the McDonald's store manager as Clarissa.

orientation and asked to speak with Clarissa. One of the employees told her that "Clarissa is not in at the moment. [Beckley] then asked to speak to the assistant manager." (Doc. # 30, p. 4, ¶ 13). Beckley told the assistant manager that she was there to begin new employee orientation and asked the assistant manager if she thought she could "handle" the job. *Id.* The assistant manager replied, "Of course you can."

Beckley then asked the assistant manager to contact Clarissa to confirm her orientation. However, after speaking with Clarissa, the assistant manager told Beckley that she would not be hired.

Subsequently, Beckley filed this Complaint, alleging race discrimination in violation of Title VII and age discrimination in violation of the ADEA. In support of her claims, Beckley alleges that while she was still seeking employment, McDonald's hired other individuals who were much younger and African American. Beckley claims that she is more qualified than these individuals. In conclusion, Beckley alleges that she was discriminated against because she was intentionally not hired "because of her age and race." (Doc. # 30, p. 4–5, ¶ 15).

On January 17, 2017, Defendant McDonald's USA, LLC filed a Motion to Dismiss Beckley's Complaint, or alternatively, for a More Definite Statement. (Doc. # 40).

## IV. DISCUSSION

In its Motion, Defendant McDonald's USA, LLC presents two arguments for dismissal. First, McDonald's USA, LLC argues that dismissal is warranted because Beckley's pleadings fail to tie specific factual allegations to the enumerated causes of action or to the individual defendants. Second, McDonald's USA, LLC argues that Beckley failed to state a plausible claim for relief under Title VII or the ADEA because it is not Beckley's employer. The court is persuaded by these arguments, and they will be discussed further below.

4

### 1.  Shotgun Pleading

First, McDonald's USA, LLC argues that Beckley's Complaint is deficient because it fails to ascribe actionable conduct to particular causes of action and to individual defendants. McDonald's USA, LLC contends that Beckley's Complaint is representative of "shotgun pleading" because it "imposes an onerous duty on this Court and McDonald's to sift through Plaintiff's pleading to match claims to facts." (Doc. # 40, p. 8). Accordingly, McDonald's USA, LLC requests this court to dismiss Beckley's Complaint or, alternatively, to order the pleading of a more definite statement. The court agrees and finds a more definite statement is warranted.

Beckley's Complaint fails to satisfy the pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure because it lacks the details necessary to discern the factual support for Beckley's claims as to each of the Defendants. While the Plaintiff sets out the facts as to what happened to her, she fails to allege in each count what facts state a plausible claim to relief against each separate Defendant. The Complaint refers to the two separate Defendants together as "McDonald's" throughout. This is characteristic shotgun pleading. *See Anderson v. District Bd. of Trs. Of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (noting that in a shotgun pleading, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"). It requires the defendant to "divine the nature of and the facts supporting" each of Beckley's claims. *Eatman v. Jefferson Cty. Dep't of Health*, No. 2:14-CV-00472-KOB, 2014 WL 5293679, at *4 (N.D. Ala. Oct. 15, 2014). Accordingly, McDonald's USA, LLC's motion for more definite statement is due to be granted.

### 2.  Employer Liability

Second, McDonald's USA, LLC argues that Beckley fails to state a claim upon which relief can be granted because Beckley has not plausibly alleged that McDonald's USA, LLC is her

"employer" as that term is defined in Title VII or the ADEA. (Doc. # 40, pp. 10–12). Beckley responds that she is entitled to discovery on the issue of "Who" is her employer. (Doc. # 42, p. 9). However, before handing Beckley the keys to the proverbial "doors of discovery," the court has an independent obligation to ensure that Beckley's Complaint satisfies the requisite plausibility standard with respect to employer liability. *See Iqbal*, 556 U.S. at 678–79.

To state a plausible claim for relief under Title VII or the ADEA, a plaintiff must allege that she was discriminated against by her "employer." *See Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1244 (11th Cir. 1998). While the Complaint alleges the conclusion that the two Defendants "(hereinafter 'McDonald's') are considered an employer within the meaning of Title VII," it then alleges that the actions took place at the McDonald's store in Montgomery owned by Nicole Daniel with no allegations as to a theory of liability against McDonald's USA, LLC, the franchisor and an entirely separate entity from Emerald Management Corporation d/b/a McDonald's. Although Title VII and the ADEA define who qualifies as an employer with respect to an entity's direct employees, an entity may also qualify as an "employer" of another entity's employee, if the relationship between the entities results in the entity having "control over fundamental aspects of the employment relationship" of the other entity's employees. *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1345 (11th Cir. 1999) (*en banc*).

In this case, McDonald's USA, LLC argues that Beckley has not alleged sufficient facts to support a claim that McDonald's USA, LLC was her employer. *See Lyes*, 166 F.3d at 1345. Specifically, McDonald's USA, LLC contends that Beckley has alleged that Emerald was her direct employer, but that Beckley has not alleged any facts supporting a claim that McDonald's USA, LLC, as Emerald's franchisor, could also be considered to be Beckley's employer. In other words, Beckley has not alleged sufficient facts supporting a claim that McDonald's USA, LLC is

6

an employer of Emerald's employees.

McDonald's USA, LLC cites to the Northern District of Georgia's opinion in *Nasrallah v. Chick-fil-A* to support its claim. *See* 2016 WL 2753941.[4] In *Nasrallah*, plaintiff asked his supervisor for time off from work to raise money for Syrian refugees. His supervisor, Joe Dinardo, at first, merely denied his leave requests, and then, ultimately, fired the plaintiff allegedly because of the plaintiff's Syrian national origin. The plaintiff sued Chick-fil-A under Title VII for employment discrimination. Chick-fil-A moved to dismiss the plaintiff's claim, arguing that as a franchisor, Chick-fil-A was not involved in Dinardo's decision to fire the plaintiff. The court agreed, reasoning "[t]here are no allegations in the complaint that Defendant Chick-fil-A was involved in supervising Plaintiff or delegating responsibilities to him," or "allegations that Chick-fil-A was involved in denying Plaintiff's leave requests or in the decision to terminate his employment." *Id.* at *3. Nevertheless, the court went on to afford the plaintiff an opportunity to re-file an amended complaint to name the proper entity as a defendant. *See id.* at *4.

McDonald's USA, LLC notes that, like the *Nasrallah* complaint, Beckley's "Complaint does not contain a single factual allegation indicating that McDonald's [USA, LLC] was either involved in, had authority over, or even controlled her purported employment with Emerald." (Doc. # 40, p. 11). Accordingly, McDonald's USA, LLC concludes that it "cannot be held liable for claims arising out of Plaintiff's employment with Defendant Emerald, a McDonald's [USA, LLC] franchisee." (Doc. # 40, p. 3). *See also Chen v. Domino's Pizza, Inc.*, No. 09-107 (JAP), 2009 WL 3379946 (D. N.J. Oct. 19, 2009); *Abdelkhaleq v. Precision Door of Akron*, No. 5:07CV03585, 2008 WL 3980339, at *1 (N.D. Ohio Aug. 21, 2008).

---

[4] The cited opinion is a non-final recommendation of a magistrate judge. It was adopted by the district judge at 2016 WL 2757397.

In *Chen* and *Abdelkhaleq*, plaintiffs brought claims under the Fair Labor Standards Act ("FLSA") against their employers and their employers' franchisors. In both cases, the court dismissed the plaintiffs' claims, because in *Chen*, the court stated, "Plaintiffs' complaint does not contain a single factual allegation indicating that [the franchisor] had any authority or control over their employment conditions." 2009 WL 3379946, at *4. Likewise, the *Abdelkhaleq* court dismissed the plaintiff's complaint because the plaintiff did "not allege, in the slightest, that [his employer] and [the franchisor] jointly conduct business operations, share officers or management, or that [the franchisor] exercises any control, in any way, over the employees of [his employer]." 2008 WL 3980339, at *5. While these are FLSA cases in which the definition of "employer" is different from Title VII, the reasoning is analogous.

In response, Beckley argues that the question of whether McDonald's USA, LLC actively participated in the alleged conduct giving rise to this action is not ripe for adjudication. Beckley claims to be "entitled to conduct discovery . . . on the issue of the relationship between the two Defendants."[5] At best, though not in so many words, Beckley is arguing that she has set forth a plausible claim that McDonald's USA, LLC is her "employer" under Title VII and the ADEA, and, therefore, that she is entitled to relief. The court disagrees.

Beckley's Complaint falls short of stating a plausible claim for relief against McDonald's USA, LLC, as Plaintiff's employer under Title VII or the ADEA. Paragraph 5 of Beckley's Complaint is the only paragraph that refers to McDonald's USA, LLC as an employer. It states:

> Defendant McDonald's USA, LLC and Defendant Emerald Management Corporation d/b/a McDonald's (hereinafter collectively "McDonald's") are considered an employer within the meaning of Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended, the "Civil Rights Act of 1991", 42

---

[5] Notably, however, Plaintiff does not cite any authority to support her argument.

U.S.C. §2000(e) et seq and 1983.

(Doc. # 30, p. 2, ¶ 5). This threadbare allegation is a legal conclusion. Without more, Beckley's Complaint fails to state a claim. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (internal quotations and citations omitted)).

Beckley has not supported her contention that McDonald's USA, LLC is her employer with any factual enhancement to nudge her claims across the line from possible to plausible. *See id.* As McDonald's USA, LLC rightly points out, "Plaintiff's single conclusory sentence referencing McDonald's makes no allegations that McDonald's was Plaintiff's employer, controlled the terms or conditions of Plaintiff's employment with Emerald or that the individuals who purportedly discriminated against Plaintiff (e.g., 'Nicole Daniel,' 'Clarissa' or the 'assistant manager') were employees of McDonald's, rather than Emerald." (Doc. # 40, p. 3). For that matter, Beckley has not alleged any facts showing that McDonald's USA, LLC exercised "control over fundamental aspects of the employment relationship" over Emerald's employee. *See Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1345 (11th Cir. 1999) (*en banc*); *See generally Merrick v. Radisson Hotels Intern., Inc.*, No. 8:06-cv-01591-T-24TGW, 2007 WL 1576361 (M.D. Fla. May 30, 2007); *Cortes v. McDonald's Corp.*, 955 F. Supp. 531 (E.D.N.C. 1996). Accordingly, Beckley's conclusory allegation does not set forth a plausible claim for relief under Title VII or the ADEA against McDonald's USA, LLC.

Because Beckley has not plausibly alleged facts to support that McDonald's USA, LLC, as a franchisor of Emerald, was an "employer" of Beckley under Title VII or the ADEA, Defendant's Motion to Dismiss (Doc. # 40) McDonald's USA, LLC from the underlying action is due to be granted, and McDonald's USA, LLC is due to be dismissed without prejudice, with an opportunity

9

to replead.

## V.   CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss McDonald's USA, LLC from this action is GRANTED, and the claim against McDonald's USA, LLC is DISMISSED WITHOUT PREJUDICE to being repled. Plaintiff is given until **February 21, 2017** to file a new Amended Complaint complete unto itself as required by Local Rule 15.1 and in accordance with Rule 11 of the Federal Rules of Civil Procedure. The Third Amended Complaint must contain separate counts as to each Defendant with allegations of "enough facts to state a claim that is plausible on its face" as to that claim against that Defendant.

Done this 7th day of February, 2017.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE